## WEYMOUTH et al. v. LINCOLN LAND CO. et al.

(Circuit Court of Appeals, Eighth Circuit.   December 7, 1921.)

### No. 5703.

Appeal from the District Court of the United States for the District of Wyoming; John A. Riner, Judge.

Suit in equity by the Lincoln Land Company and others against Frank E. Weymouth and others. Decree for complainants, and defendants appeal. Reversed and remanded.

Ethelbert Ward, Sp. Asst. Atty. Gen., and Albert D. Walton, U. S. Atty., of Cheyenne, Wyo. (Willis J. Egleston, Dist. Counsel, U. S. Reclamation Service, of Helena, Mont., and Clyde M. Watts, Asst. U. S. Atty., of Cheyenne, Wyo., on the brief), for appellants.

Avery Haggard, of Cheyenne, Wyo. (William B. Ross, of Cheyenne, Wyo., on the brief), for appellees.

Before CARLAND, Circuit Judge, and YOUMANS and JOHNSON,. District Judges.

CARLAND, Circuit Judge.   This case is ruled by the decision in No. 5704, United States of America, Appellant, v. Arthur W. Ide et al., Appellees, 277 Fed. 373, this day decided. It is an action brought by appellees for the purpose of restraining appellants who are officers of the United States in charge of the Shoshone reclamation project, Wyoming, from performing any acts which will divert the waters of Bitter creek in such a manner as would prevent appellees from receiving at all times through headgates on Bitter creek the amount of water necessary to properly irrigate their lands for agricultural purposes. Appellees are the owners of lot 56, townships 55 and 56 north, range 98 west of the sixth principal meridian, containing 320 acres, Park county, Wyo.  On August 5, 1912, the Lincoln Land Company obtained from the state of Wyoming a permit to appropriate water from Bitter creek sufficient to irrigate for agricultural purposes the land owned by it as above described and to construct a diversion dam in said Bitter creek for that purpose.  It is claimed that by reason of these facts appellees have a right to use the waters of Bitter creek to the extent necessary to properly irrigate the said lands of appellees.  On or about May 8, 1918, appellants in carrying out the work incident to the construction of the Shoshone reclamation project caused a trench to be dug from a point on Bitter creek above appellees' diversion dam to a point on said creek below said dam, which trench diverted all the waters away from said diversion dam.

For the reasons stated in our opinion in No. 5704, the appellees have no right to the water in Bitter creek by virtue of their permit granted in 1912, and therefore the decree must be reversed, and the case remanded, with directions to dismiss the complaint of appellees, with costs.

And it is so ordered.